UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DELORES M. STEYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO: |
| | ) | |
| GINA DENISE and INNKEEPER HOSPITALITY SERVICES, L.L.C., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**
**COUNT I**
**(Negligence)**

COMES NOW the Plaintiff, DELORES M. STEYER, by her attorneys, CALLIS, PAPA & SZEWCZYK, P.C., and for her cause of action against the Defendant, GINA DENISE, states, as follows:

1. That at all times mentioned herein the Plaintiff, DELORES M. STEYER, was, and is, a resident of Lincoln, Nebraska.

2. That at all times mentioned herein the Defendant, GINA DENISE, was, and is a resident of Windsor, Colorado.

3. The amount in controversy exceeds the sum of $75,000.00.

4. This Court has jurisdiction pursuant to 28 §1332(1) of the United States Code.

5. That on or about April 25, 2016 the Plaintiff, DELORES M. STEYER, and the Defendant, GINA DENISE, were permitted, paying guests, and were lawfully upon the premises, of the hotel/motel operated by the Defendant, INNKEEPER HOSPITALITY SERVICES, L.L.C.,

an Iowa Corporation, authorized to do business in the State of Missouri, d/b/a the Holiday Inn Route 66, 10709 Watson Road, Sunset Hills, St. Louis County, Missouri, ("IHS").

6. That on or about April 25, 2016, the Plaintiff, DELORES M. STEYER, with due care and caution for her own safety, was walking from the main entrance of the hotel/motel owned and operated by the Defendant, IHS, to a vehicle parked in the parking lot of the said hotel/motel, when she was injured as more fully described hereinafter.

7. That on or about April 25, 2016 the Defendant, GINA DENISE, in the process of checking out and departing from the hotel/motel described above, pushed or pulled a luggage cart owned and provided by the Defendant, IHS, loaded with her luggage to a position near the parking lot of the hotel/motel and left it unattended, and said unattended luggage cart rolled through the parking lot until it violently collided with the Plaintiff, DELORES M. STEYER, forcing her to the pavement, where she struck her head and was rendered unconscious.

8. That the Plaintiff, GINA DENISE, owed a duty to the Plaintiff, DELORES M. STEYER, and others, to exercise due care and caution in using the luggage cart provided by the Defendant, IHS, so as to avoid injury to Plaintiff, DELORES M. STEYER, and others.

9. That the Defendant, GINA DENISE, was negligent on or about April 25, 2016 in one or more of the following respects:

a. failed to obtain assistance in moving the luggage cart from agents, servants or employees of the Defendant, IHS;

b. failed to keep the luggage cart under control;

c. left the luggage cart unattended when she knew, or in the exercise of due care should have known, that the luggage cart could roll away;

d. failed to block, chock, brake or otherwise secure the luggage cart

so as to keep it stopped and stationary; or

e. failed to warn Plaintiff, DELORES M. STEYER, that the luggage cart was not secure and was rolling towards her.

10 That as a direct and proximate result of the negligence of Defendant, GINA DENISE, as aforesaid, the Plaintiff, DELORES M. STEYER, was violently struck by the luggage cart, forced to the pavement where she struck her head rendering her unconscious; she sustained severe and permanent injuries primarily to her head and brain, and the bones, muscles, tissues and nerves thereof resulting in disability, memory loss and a loss of normal life; that she has suffered and will continue to suffer great bodily pain and mental anguish; and that she has spent and will continue to spend great sums of money endeavoring to be treated for and cured of her said injuries all to her damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, the Plaintiff, DELORES M. STEYER, prays judgment against the Defendant, GINA DENISE, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) and for costs of suit.

**COUNT II**
**(Negligence/Premises Liability)**

COMES NOW the Plaintiff, DELORES M. STEYER, by her attorneys, CALLIS, PAPA & SZEWCZYK, P.C., and for her cause of action against the Defendant, INNKEEPER HOSPITALITY SERVICES, L.L.C., a Missouri Corporation, d/b/a HOLIDAY INN ROUTE 66, states, as follows:

1. That at all times mentioned herein the Plaintiff, DELORES M. STEYER, was, and is, a resident of Lincoln, Nebraska.

2. That at all times mentioned herein the Defendant, INNKEEPER HOSPITALITY SERVICES, L.L.C., was, and is, an Iowa Corporation located in and operating a hotel/motel in Sunset Hills, St. Louis County, Missouri, d/b/a Holiday Inn Route 66.

3. The amount in controversy exceeds the sum of $75,000.00.

4. This Court has jurisdiction pursuant to 28 §1332(1) of the United States Code.

5. That on or about April 25, 2016 the Plaintiff, DELORES M. STEYER, was a permitted, paying guest lawfully upon the premises of the hotel/motel operated by the Defendant, INNKEEPER HOSPITALITY SERVICES, L.L.C., a Missouri Corporation, d/b/a the Holiday Inn Route 66, 10709 Watson Road, Sunset Hills, St. Louis County, Missouri, ("IHS").

6. That on or about April 25, 2016, the Plaintiff, DELORES M. STEYER, with due care and caution for her own safety, was walking from the main entrance of the hotel/motel owned and operated by the Defendant, IHS, to a vehicle parked in the parking lot of said hotel/motel, when she was injured as more fully described hereinafter.

7. That on or about April 25, 2016, the Defendant, IHS, owed a duty to Plaintiff, DELORES M. STEYER, as a guest, invitee and customer, to provide a facility to her which was reasonably safe, and to use due care and caution in providing facilities to her.

8. That at all times mentioned herein, the Defendant, IHS, provided services and equipment to the Plaintiff, DELORES M. STEYER, and other guests, which included check-in and check-out services, housekeeping, and security, including , but not limited to, luggage carts provided to guests during check in and check out.

9. That on or about April 25, 2016 the Defendant, IHS, by and through its agents, servants and employees, had a duty to exercise due care to keep its premises in a reasonably safe

condition and to warn any guests, invitees or customers of any hidden peril or danger.

10. That on or about April 25, 2016 the Defendant, IHS, by and through its agents, servants and employees failed to exercise due care to keep its premises in a reasonably safe condition or to warn its guests, invitees or customers of hidden perils or dangers, and in so failing to do, was negligent, in one of more of the following ways:

a. failed to provide personnel to assist customers in moving their luggage or belongings at check-out;

b. failed to warn guests that the luggage carts made available to them had no braking mechanism;

c. failed to warn guests that they should not leave luggage carts unattended;

d. failed to provide luggage carts equipped with a braking mechanism;

e. failed to warn guests of the perils or hazards associated with rolling luggage carts;

f. failed to warn guests of the perils and hazards associated with leaving luggage carts unattended;

g. failed to prevent luggage carts from being taken by customers and others into the parking lot of the hotel/motel;

h. failed to prevent luggage carts from being taken by customers and others from the hotel/motel lobby;

i. allowed guests to remove luggage carts from the hotel/motel lobby; or

j. failed to adequately instruct its agents, servants or employees as to methods to reduce the perils or dangers associated with the use of luggage carts by customers.

11. That as a direct, proximate and foreseeable result of the negligence of the Defendant, IHS, by and through its agents, servants and employees, as aforesaid, a luggage cart

being used by customer GINA DENISE rolled unattended from the hotel/motel entrance into the hotel/motel parking lot where it violently struck the Plaintiff, DELORS M. STEYER, forced her to the pavement against which she struck with her head, rendering her unconscious; she sustained severe and permanent injuries primarily to her head and brain, and the bones, muscles, tissues and nerves thereof resulting in disability, memory loss and a loss of normal life, that she has suffered and will continue to suffer great bodily pain and mental anguish; and that she has spent and will continue to spend great sums of money endeavoring to be treated for and cured of her said injuries all to her damage in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

WHEREFORE, the Plaintiff, DELORES M. STEYER, prays judgment against the Defendant, INNKEEPER HOSPITALITY SERVICES, L.L.C., a Missouri Corporation d/b/a HOLIDAY INN ROUTE 66, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00) and for costs of suit.

CALLIS, PAPA & SZEWCZYK, P.C.

By: ______________________

John T. Papa #35065
1326 Niedringhaus Avenue
P.O. Box 1326
Granite City, IL 62040
(618) 452-1323
(618) 452-8024 Fax
jtp@callislaw.com

Attorneys for Plaintiff